RISSLER & McMURRY CO., Inc., a corporation, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. No. 5511.

United States District Court, D. Wyoming.

May 16, 1972.

Leimback, Aspinwall & Hofer, Casper, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., D. Wyoming, Cheyenne, Wyo., and Eugene D. Silverman, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

KERR, District Judge.

This is a civil action for the refund of federal income taxes in the sum of $5,911.96, together with statutory interest thereon, for the calendar year 1965.

A single issue is involved, viz: Did Taxpayer acquire an economic interest in a gravel pit owned by the City of Lander, Wyoming, such as to entitle it to a deduction for depletion for the taxable year in question.

Rissler & McMurry Co., Inc., (hereinafter referred to as Taxpayer), brings this action for the recovery of overpayment of its federal income tax for the calendar year 1965. Jurisdiction is premised upon 28 U.S.C. § 1346(a) (1).

The facts in this case are not in dispute and may be related as follows: The Taxpayer was the successful bidder for a construction contract offered by the City of Lander, Wyoming (hereinafter referred to as the City), for the building, construction and paving of certain streets and roads within the City.

The City opened the bids on December 22, 1964, and, among other things, specified the gravel pit owned by the City could be used as a source of material by the successful bidder upon the payment to the City of royalty in the sum of two cents per ton, or three cents per cubic yard.

The Taxpayer elected to use the City's gravel pit and its bid was based upon this decision. The City and Taxpayer thereafter orally agreed that the material extracted from the pit would be used for the street project but Taxpayer could extract and sell some material outside of Lander to other parties upon approval by the City Council.

Taxpayer commenced work on the project in June 1965. It installed removable equipment at the site of the gravel pit, this equipment being subject to depreciation allowances. During the taxable year 1965, Taxpayer extracted 183,208 tons and 18,681 cubic yards of aggregate from the gravel pit. This included 208 tons and 10,732 cubic yards sold to parties other than the City. Taxpayer paid the City royalty in the amount of $3,984.35 for aggregate used in the construction work, and $309.35 was paid for aggregate sold to other parties. Further amounts were paid to the City for aggregate extracted in 1966.

In 1966, income tax for the calendar year 1965 was paid by Taxpayer in the amount of $71,657.54. It later filed a claim for refund of the allowance for depletion in the amount of $5,911.96. This claim was rejected by the Internal Revenue Service on December 4, 1969.

It is Taxpayer's contention that by virtue of its interest in the gravel pit owned by the City of Lander, it is entitled to a deduction for depletion under 26 U.S.C. § 611.

Section 611(a) states in part "In the case of mines, oil and gas wells, other natural deposits, and timber, there shall be allowed as a deduction in computing taxable income a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; . . .".

The importance of possessing an "economic interest" in the gravel pit for purposes of the deduction cannot be overstated. This test was first promulgated by Palmer v. Bender, 287 U.S. 551, 53 S.Ct. 225, 77 L.Ed. 489 (1933), and has been upheld as recently as 1965 by the United States Supreme Court in the case of Paragon Coal Co. v. Commissioner, 380 U.S. 624, 85 S.Ct. 1207, 14 L.Ed.2d 116 (1965).

A Treasury regulation describes what is meant by economic interest. It states ". . . [A]n economic interest is possessed in every case in which the taxpayer has acquired by investment any interest in minerals in place or standing timber and secures, by any form of legal relationship, income derived from the extraction of the mineral or severance of the timber, to which he must look for a return of his capital. But a person who has no capital investment in the mineral deposit or standing timber does not possess an eonomic interest merely because through a contractual relation he possess a mere economic or pecuniary advantage derived from production." 26 C.F.R. 1.-611–1(b).

The policy reasons behind the creation of the depletion allowance is that valuable mineral deposits are "wasting assets", and the allowance is

used to compensate a taxpayer for the portion of the asset used up by mining and production of the minerals. Parsons v. Smith, 359 U.S. 215, 79 S.Ct. 656, 3 L.Ed.2d 747 (1959). Paragon Coal Co. v. Commissioner, supra.

■ No particular form of legal interest in the mineral is necessary for one to be entitled to the depletion allowance. "It is enough if by virtue of the leasing transaction he has retained a right to share in the oil produced. If so, he has an economic interest in the oil, in place, which is depleted by production". Palmer v. Bender, supra. It was also stated in the Palmer opinion that "The language of the statute is broad enough to provide, at least, for every case in which the taxpayer has acquired, by investment, any interest in the oil in place, and secures, by any form of legal relationship, income derived from the extraction of the oil, *to which he must look for a return of his capital.*" (Emphasis supplied). See also, Parsons v. Smith, supra, and Helvering v. Bankline Oil Co., 303 U.S. 362, 58 S.Ct. 616, 82 L.Ed. 897 (1938).

The importance that one claiming a depletion deduction have an economic interest in the minerals is stressed further in the case of Helvering v. Bankline Oil Co., supra. In this opinion the United States Supreme Court emphasized that ". . . a mere economic advantage derived from production, through a contractual relation to the owner, by one who has no capital investment in the mineral deposit" is not an economic interest as was contemplated by the court in the Palmer opinion.

■ It is evident from the facts of the case before this court, that Taxpayer merely possessed an "economic advantage" obtained by its contract with the City to use the gravel owned by the City. This conclusion is sound since Taxpayer does not come within the previously mentioned requirements of Palmer v. Bender. That is, in order for one to have an economic interest in minerals for purposes of depletion deductions, there must be " '(1) A capital investment in the mineral in place, and (2) a return on the investment which is realized solely from the extraction of the mineral' ". Food Machinery and Chemical Corporation v. United States, 366 F.2d 1007, 177 Ct.Cl. 219.

■ Taking the first requirement, Taxpayer had no capital investment in the quarry. 26 C.F.R. 1.611–1(b). All the equipment and machinery used by the Taxpayer was removable, thereby leaving no improvement on the land which would evidence a capital investment nor creating capital investment in minerals in place. See Paragon Coal Co. v. Commissioner; Parsons v. Smith; and Helvering v. Bankline Oil Co.

Taxpayer installed mining equipment in order to extract the aggregate, but such equipment was removable. A Circuit Court opinion did hold that removable equipment constituted a capital investment, but did so because ". . . it is special purpose equipment designed for this quarry alone". United States v. Wade, 381 F.2d 345 (5th Cir. 1967). The equipment installed by Taxpayer was not designed especially for the City gravel pit.

As in Parsons v. Smith, Taxpayer merely gained an economic advantage through its contract with the City. The Taxpayer agreed to pay the City a royalty on the aggregate mined and gained the advantage of having the source of aggregate close to its construction project at a price substantially less than it would pay elsewhere. Furthermore, Taxpayer was able to recover its investment in the mining equipment through allowances for depreciation. Deductions for the depreciation were taken by Taxpayer prior to 1965 on the cost of all the equipment involved in the mining operations. Since Taxpayer already recovered

its only investment in the quarry (that being the mining equipment) by depreciation, this Court cannot allow double recovery by granting Taxpayer an allowance for depletion. Paragon Coal Co. v. Commissioner, and Parsons v. Smith.

The Taxpayer does not come within the second requirement of the Palmer opinion. To say that Taxpayer looked *solely* to the extraction of the gravel for the return of its capital investment (if in fact there was a capital investment) is too tenuous for the Court to hold. Taxpayer's return on its investment in the extraction of the aggregate was realized not from the sale of the aggregate, but upon the profits, if any, derived from the street paving contract with the City.

Furthermore, Taxpayer could not extract the gravel and sell it to other parties without the express permission of the Lander City Council. Its only interest in the gravel pit was created by the construction contract with the City and such interest was to terminate upon the extraction of a projected amount of aggregate necessary to complete the project. Furthermore, Taxpayer was not solely engaged in the quarrying business. Its principal business was the paving and construction of streets. The mining operation was incident to that business.

Based upon the foregoing set of facts and the law applicable thereto, it is the opinion of this Court that Taxpayer did not have an economic interest in the gravel pit in order to qualify it for a depletion allowance.

This memorandum opinion sufficiently states the Findings of Fact and Conclusions of Law and additional Findings of Fact and Conclusions of Law are unnecessary.

Judgment will be entered in conformity with this opinion.